# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, also known as Angelo Bernard Ham, | ) ) ) Civil Action No.: 6:16-cv-02555-JMC |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** ) |
| Bryan P. Sterling, David M. Tartarsky, Maria Leggins, Dennis Bush, James C. Dean, Debra Eastridge, | ) ) ) ) |
| Defendants. | ) ) ) |

This matter is before the court upon review of Magistrate Judge Kevin F. McDonald's Report and Recommendation ("Report") (ECF No. 9), filed on August 3, 2016, recommending that pro se Plaintiff Angelo Ham's ("Plaintiff") 42 U.S.C. § 1983 action be summarily dismissed for failing to allege the deprivation of a federal constitutional right and therefore failing to state a claim for which relief can be granted. (ECF No. 9.) This review considers Plaintiff's objections to the Report, filed August 24, 2016. (ECF No. 11.)

## I. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

1

## II. BACKGROUND AND ANALYSIS

Plaintiff alleges that he sent a request to the prison mailroom that they notarize his application for trademark and articles of incorporation. (ECF No. 1 at 3.) A mailroom staff member responded that the mail room does not provide notary services and suggested that Plaintiff submit a request to the Office of General Counsel. (Id.) Plaintiff sent a request to the Office of General Counsel, which was denied. (Id. at 3–4.) Plaintiff states that he exhausted the prison's administrative grievance procedure and filed a civil action in the Richland County Court of Common Pleas. (Id. at 4–5.) He contends that this action was dismissed and he appealed to the South Carolina Court of Appeals. (Id. at 5.) Plaintiff states that his appeal was dismissed because the South Carolina Court of Appeals denied his application to proceed in forma pauperis and he did not pay the filing fee. (Id. at 5–6.) Plaintiff seeks nominal, punitive, and statutory damages. (Id. at 7.)

The Magistrate Judge determined that Plaintiff's Complaint did not allege facts that constitute a deprivation of a federal constitutional right or facts that show he has sustained an actual injury from being denied access to the courts. (ECF No. 9.) As a result, the Magistrate Judge found that Plaintiff did not plead the required elements of an action under § 1983. (ECF No. 9.) Plaintiff was advised of his right to file objections to the Report. (ECF No. 9.) In his timely response to the Report, Plaintiff specifically objects only to the Magistrate Judge's determination that access to notary public services is not a federal constitutional right. (ECF No. 11.)[1]

---

[1] To the extent that Plaintiff argues in his first objection that the Magistrate Judge mischaracterized the facts surrounding his request for notary services and the mailroom's response, this court, based on its own review, finds that the Report provides an accurate summation of the facts in Plaintiff's Complaint. (See ECF No. 1; ECF No. 9; ECF No. 11.)

A. Plaintiff's Objections

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute. The statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Section 1983 creates a private cause of action for individuals deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff objects to the Magistrate Judge's finding that a lack of access to notary services unrelated to litigation affecting the inmate's incarceration is not a deprivation of an inmate's constitutional right to access to courts. (ECF No. 11.) Plaintiff appears to make two distinct but interrelated arguments to support this objection: (1) that because the South Carolina Legislature has promulgated statutes authorizing the Director of the South Carolina Department of Corrections to create regulations, these regulations "become[] the content, or substance, of legislation which is and falls directly in substantive due process," and as a result, the promulgation of South Carolina Department of Corrections Regulation GA 01.03, ¶ 18[2] creates a

---

[2] The Regulation in relevant part reads as follows:

The following items are inmate documents that do require notarization:

3

right of access to notary services which was violated by the prison, and (2) that denial of notary services is a deprivation of his right of access to courts as defined by case law and federal statutes. (ECF No. 11.) The court considers each of these arguments in turn.

B. The Court's Review

Plaintiff's first argument is that GA 01.03 creates a due process right to notary services. As an initial matter, although sections 24-1-90 and 24-1-140 of the South Carolina Code authorize the Director to make regulations, nothing in these statutes suggest that these regulations then become the law of South Carolina or provide any type of constitutional right. S.C. Code Ann. §§ 24-1-90, -140 (2017).

In support of his first argument, Plaintiff asserts that Regulation GA 01.03 makes mandatory the notarization of all items not included under the heading "Notarization is not

---

- PCR (Post Conviction Relief) applications;
- Applications to proceed in court without payment of costs;
- Powers of Attorney;
- Wills;
- All Affidavits - any written declaration or statement of facts confirmed by the oath or affirmation of the person making the declaration; and
- Verified Tort Claims.

Notarization is not required for the following documents:

- Summons and Complaint; and
- Correspondence to: An SCDC employee, a government employee or official, and a court or judge (other than those documents listed above).

NOTE: If the Notary receives documents which do not fall into the above categories, s/he may contact the Office of General Counsel for assistance.

S.C. Dep't of Corrs. Pol'y GA-01.03 (2015), http://www.doc.sc.gov/policy/GA-01-03.htm1502316022627.pdf [hereinafter GA 01.03].

required for the following documents" because the prior sentence states that "Inmates <u>will</u> have access to notary services." (ECF No. 11); GA 01.03 (emphasis added). Plaintiff argues that the regulation creates a duty for prison officials to notarize his documents and that a failure to do so constitutes a violation of his constitutional rights actionable under § 1983. (ECF No. 11.) However, the regulation does not create a categorical imperative that inmates receive access to notary services for all documents except those listed under the heading "Notarization is not required for the following documents." <u>See</u> GA 01.03. Rather, the regulation explicitly states that inmates will have access to notary services for a list of specified documents and requires prison officials to notarize those documents, but the regulation goes on to list specific documents that prison officials are *not* required to notarize. <u>Id.</u> The regulation thus contemplates that not all documents must be notarized by prison officials.

In addition, the regulation states that "[i]f the Notary receives documents which do not fall into the above categories, s/he may contact the Office of General Counsel for assistance." <u>Id.</u> The regulation thus contemplates a request for notarization of documents that are not listed in the regulation and expressly provides directions for those instances. However, the result is not the automatic notarization of those documents, but rather a conference with the Office of General Counsel. <u>Id.</u> In Plaintiff's case, prison officials conferred with the Office of General Counsel before declining to notarize Plaintiff's documents, as required by the regulation. (ECF No. 9 at 1.) Thus, even if the regulation were to create a right capable of being protected under § 1983, such as a conference with the Office of General Counsel upon application for notary services not specifically exempt from notarization, the prison officials did not violate the regulation and <u>a fortiori</u> could not have deprived Plaintiff of this right.

Additionally, even if the promulgation of regulation GA 01.03 makes mandatory the

5

notarization of all documents not included under the heading "Notarization is not required for the following documents," a failure to so notarize would not constitute a violation of § 1983. Section 1983 requires that the deprivation affect a right recognized either by federal law or the Constitution. 42 U.S.C. § 1983. State regulations can dictate how certain rights will be protected, but they cannot create additional rights protected by federal law or the Constitution. See Hart v. City of Santee, Civil Action No.: 5:16-cv-03338-JMC, 2017 WL 3158779, at *5 (D.S.C. July 25, 2017). Therefore, GA 01.03 cannot create the right Plaintiff alleges and therefore his first argument fails.

As to Plaintiff's second argument that denial of notary services constitutes a violation of his right to access the courts, he has failed to plead sufficient facts to state a claim for which relief could be granted. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that to plead a right-to-access-to-courts claim, "[s]pecificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations."). It has long been recognized that prisoners have a constitutional right of access to the courts. Johnson v. Avery, 393 U.S. 483, 485 (1969). In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held that the right of access to courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. However, the Supreme Court has also stated that:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

6

Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis added).

Moreover, a claim for infringement of the right of access to the courts that involves "ancillary features" such as notary services must show that an "actual injury" has occurred. Clay v. Smith, 949 F.2d 396 (4th Cir. 1991) (unpublished table disposition) (quoting Sowell v. Vose, 941 F.2d 32, 34 (1st Cir. 1991)); see also Cochran, 73 F.3d at 1317 (noting that, to sufficiently plead an access-to-courts claim, the prisoner must show an actual, non-trivial injury resulting from the prison official's alleged misconduct).

It is not clear to this court that access to a notary for the purposes of filing a trademark application falls under a prisoner's general right of access to courts. Plaintiff here does not claim that he has been deprived of his ability to bring a nonfrivolous, legal claim to the courts as is required for such a claim. Lewis, 518 U.S. at 351–53; see also Akers v. Watts, 740 F. Supp. 2d 83, 96 (D.D.C. 2010) (stating that for an access-to-courts claim, a prisoner "must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed"). However, even if access to a notary for the purposes of filing a trademark application does fall under a prisoner's general right of access to courts, Lewis makes clear that prisons are only obligated to provide inmates access to notaries when not doing so would limit the inmates' abilities to litigate claims affecting their incarceration. 518 U.S. at 355. Plaintiff in this case attempted to submit paperwork to the U.S. Patent and Trademark Office, an action which is not related to challenging the nature of his incarceration. (See ECF No. 1.)

Additionally, Plaintiff has alleged no facts which demonstrate that he has suffered actual injury as a result of this denial. (See ECF No. 1.) As stated above, access to notary services for an application for trademark and articles of incorporation is not a right and is not associated with any claims related to his incarceration. As a result, the deprivation of access to these notary

services alone does not violate Plaintiff's access to the courts. Plaintiff therefore has pleaded no facts sufficient to constitute a claim under § 1983.

The Magistrate Judge properly determined that this court should dismiss Plaintiff's Complaint because Plaintiff fails to allege a deprivation of a right secured under federal law or the United States Constitution, and, therefore, Plaintiff does not have a cause of action under § 1983. (ECF No. 9.)

### III. CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Magistrate Judge's Report and Plaintiff's specific objections, the court **ADOPTS** the Report (ECF No. 9) but **MODIFIES** it to the extent that dismissal will be with prejudice. Accordingly, the court **DISMISSES** the Complaint (ECF No. 1) **WITH PREJUDICE**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 15, 2017
Columbia, South Carolina